R. E. COTTER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 18262, 18263. Promulgated February 27, 1931.

*Arthur Carnduff, Esq.*, for the respondent.

438

OPINION.

MURDOCK: This case was submitted in Washington on the facts admitted in the pleadings and certain depositions taken in San Francisco, Calif. The petitioner contends that in the determination of the deficiencies in its income and profits taxes for the years 1920 and 1921 it has not been allowed any deduction for salaries or other compensation of its officers and it has not been allowed any deduction for salary or other compensation for Nowland, who served it in 1920 when he was not a stockholder, and in 1921 when he was a stockholder and director. It appears from the respondent's answers that he did not allow any deduction in either year for officers' salaries. Although it does not appear from the pleadings, it may be inferred from certain testimony that no deduction has been allowed for either year representing salary or other compensation for personal services actually rendered by Nowland. In 1920 he was not a stockholder, officer, or director of the petitioner but merely an employee. The record is not clear as to just what was his agreement with the corporation in regard to salary or compensation for 1920, but there is testimony to the effect that he was to receive 25 per cent of the profits for that year and $5,778.14, purporting to

represent one-fourth of the profits, was credited to his account on December 31, 1920. On the same date his account was credited with $855.54 representing additional compensation for certain sales outside the regular business of the petitioner. The petitioner makes no claim as to the latter. Perhaps it has been allowed. The amount of $5,778.14 represents a proper deduction under section 234 (a) (1) of the Revenue Act of 1918 on either the cash receipts and disbursements or an accrual system.

Nowland was a director of the corporation during a part of 1921, but whether or not he was an officer of the corporation and as such entitled to salary or compensation for personal services actually rendered we have not been told. He served the corporation, but it may have been as an employee just as in the preceding year. We do not know how he was supposed to be compensated for his services rendered during that year. Perhaps he was an officer. There was not any authorization, accrual or payment of officers' salaries for either year. No doubt the officers of this corporation were entitled to, and the corporation incurred a liability for, reasonable compensation for the services which they rendered in each of these years, if those services were more than stockholders and directors might be expected to perform gratis. This is so even though they had no agreement with the corporation. The depositions contain expressions of opinions that $1,000 per month would have been reasonable compensation for Cotter and Mel, but these opinions are entitled to little weight in view of the other evidence and the fact that no bases for the opinions appear. We do not know how much time they gave to the business, the results which they accomplished, and many other facts which would help to show what their services were reasonably worth. If such salaries had been paid there would have been a considerable deficit for 1921. The amount of the 1920 income was not shown. We do not know the method used by the petitioner in keeping its books or rendering its returns, but assuming that an accrual system was used, we are unable to determine from the record the amount of the liability incurred which represented a reasonable allowance for salaries or other compensation for personal services actually rendered by its officers. The respondent has already granted special assessment of the profits taxes for both years under the provisions of sections 327 and 328. We can do no more than direct that a recomputation be made under Rule 50 allowing the deduction of the 1920 compensation to Nowland.

> *Judgment will be entered under Rule 50 for 1920. Judgment will be entered for the respondent for the year 1921.*